1 | **LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Tel.: (818) 347-3333 | Fax: (818) 347-4118

**LESSEM, NEWSTAT & TOOSON, LLP**
Jeremy I. Lessem (SBN 213406)
jeremy@lnlegal.com
3450 Cahuenga Blvd., Unit 102
Los Angeles, CA 90068
Tel: (818) 582-3087
Fax: (818) 484-3087

*Attorneys for Plaintiffs*

Tomas A. Guterres, Esq. (State Bar No. 152729)
Chandler A. Parker, Esq. (State Bar No. 334008)
**COLLINS + COLLINS LLP**
790 E. Colorado Boulevard, Suite 600
Pasadena, CA 91101
(626) 243-1100 – FAX (626) 243-1111
Email: tguterres@ccllp.law
Email: cparker@ccllp.law

*Attorneys for Defendant County of Los Angeles*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASOUMEH MOTEVALLI ALAMOUTI, individually and as successor-in-interest to Masoud Rahmati, deceased; and MOSHEN RAHMATI, individually, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF LOS ANGELES; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 2:24-cv-05560-MWC-JC <br><br> *District Judge Michelle Williams Court* <br> *Mag. Judge Jacqueline Chooljian* <br><br> **JOINT RULE 26(f) REPORT** <br><br> Date: January 10, 2025 <br> Time: 1:30 p.m. <br> Crtrm: 6A <br><br> **Complaint (with Demand for Jury Trial) Filed**: July 1, 2024 <br> **Responsive Pleading**: Sept. 25, 2024 <br> **Trial (Proposed)**: Apr. 27, 2026 |

**TO THE HONORABLE COURT:**

Pursuant to Federal Rules of Civil Procedure Rule 26(f), Local Rule 16-1, and the Court's October 24, 2024 Order setting the Scheduling Conference (Dkt. 14), the early meeting of counsel has been conducted between counsel for Plaintiffs Masoumeh Motevalli Alamouti and Moshen Rahmati ("Plaintiffs") and counsel for Defendant County of Los Angeles. The early meeting of counsel took place via Zoom videoconference on November 25, 2024, and was attended by Benjamin Levine of the Law Offices of Dale K. Galipo and Jeremy Lessem of Lessem, Newstat & Tooson, LLP, both counsel for Plaintiffs, and Chandler Parker of Collins + Collins LLP, counsel for Defendant.

The parties have discussed the nature and basis of their claims and defenses, the potential for resolving the case, the timing of initial disclosures, and a proposed discovery plan. The parties, through their counsel, respectfully submit the following Joint Report.

**(1)  Subject Matter Jurisdiction**

Plaintiffs have filed federal claims pursuant to 42 U.S.C. § 1983. Accordingly, the parties do not dispute that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and over Plaintiffs' claims under state law pursuant to 28 U.S.C. § 1367, as those claims are so related to Plaintiffs' federal claims that they form part of the same case or controversy.

**(2)  Statement of the Case**

Plaintiffs' Summary: Plaintiffs allege that, on June 13, 2023, Plaintiffs' decedent, Masoud Rahmati, was a pretrial detainee being held in the custody of Defendant County of Los Angeles at its Men's Central Jail facility on a floor designated for detainees or inmates who suffer from mental illness, and Mr. Rahmati suffered from one or more mental illnesses. Plaintiffs further allege that, that morning, Mr. Rahmati was in the bathroom area near his bunk room when

approximately three other inmates approached him, forced him toward the shower area, and began beating him, causing him to fall onto the ground, and continued beating and kicking him once there, causing Mr. Rahmati life-threatening injuries and extreme pain. Plaintiffs further allege that these inmates then left the bathroom area, leaving a badly beaten Mr. Rahmati on the floor, where he remained unattended by anyone for approximately an hour and a half after the beating ended. Plaintiffs further allege that this encounter and beating was visible on a surveillance video feed that was viewable in real-time by Sheriff's Department and jail employees, but that these employees nevertheless failed to respond at all to the beating or to secure medical attention for Mr. Rahmati while he was in the bathroom.

Plaintiffs further allege that inmates then entered the shower area and removed Mr. Rahmati to a bed in the bunk area, where he remained for another extended period of time, still without any intervention by Sheriff's Department or jail staff. Plaintiffs allege that Mr. Rahmati was ultimately found in critical condition in this bed hours after the beating, after one or more inmates alerted jail staff, and that Mr. Rahmati died from his injuries.

As a result of these allegations, Plaintiffs bring causes of action under 42 U.S.C. § 1983 against the individual Defendants, whose names are currently unknown to Plaintiffs and who are identified in Plaintiffs' Complaint as Does, for failure to protect, denial of medical care, and interference with familial relations. Plaintiffs also bring *Monell* claims against Defendant County of Los Angeles for failure to train and unconstitutional custom, practice, or policy. Plaintiffs also bring causes of action under the federal Americans with Disabilities Act and under state law against all Defendants for negligence, failure to summon medical care, and violation of the Bane Act, Cal. Civ. Code § 52.1.

/ / /

Defendant's Summary:

The action arises from the in-custody death of 50-year-old Moshen Rahmati ("Decedent") at the Men's Central Jail on June 13, 2023. Decedent's death was caused by blunt force trauma and the manner of death is homicide. While three (3) inmates have been identified as suspects, the criminal investigation is still ongoing. The County denies all allegations of wrongdoing.

**(3)   Damages/Insurance**

a.   *Damages*

Plaintiffs claim general and special compensatory damages, according to proof at trial under federal and state law for their individual damages for the wrongful death of Mr. Rahmati, and Mr. Rahmati's survival damages, including his pre-death pain and suffering, loss of enjoyment of life, and loss of life. Plaintiffs also seek punitive and exemplary damages against the individual Defendant Officers only. Plaintiffs also seek attorney's fees pursuant to 42 U.S.C. § 1988 and under state law, costs and interests incurred.

Defendant does not seek damages in this case.

b.   *Insurance*

Defendant is self-insured in accordance with California law.

**(4)   Parties, Evidence, etc.**

*Parties*: The parties are Plaintiffs Masoumeh Motevalli Alamouti and Moshen Rahmati and Defendants County of Los Angeles and Does 1-10.

*Witnesses*: The percipient witnesses include County of Los Angeles Sheriff's Department officials, including jail staff and personnel at Men's Central Jail, and other detainees and inmates who were present at Men's Central Jail on the date of the incident. Additional non-percipient witnesses may include expert witnesses and witnesses on Plaintiffs' damages. Given that discovery has not yet been completed, the parties have not yet identified all other witnesses.

<u>Key Documents Plaintiffs May Use</u>: The key documents will include County of Los Angeles Sheriff's Department records regarding the incident, including but not limited to, statements, reports, audio and/or video of the incident, and photographic evidence. Additional documents may include depositions of the parties and witnesses, and responses to written discovery.

<u>Key Documents Defendant May Use</u>: The key documents will include CCTV footage of the incident, Title 15 Safety Check Logs, and records related to the homicide investigation.

**(5) Discovery**

    a. *Status of Discovery*

Pursuant to Federal Rules of Civil Procedure Rule 26(a)(1)(c), the parties agree to exchange initial disclosures on or before December 9, 2024. As of the time of the drafting of this report, written discovery requests have not yet been propounded and deposition dates have not yet been set.

    b. *Discovery Plan*

The parties have discussed the anticipated discovery and propose a discovery schedule set forth in "Exhibit A" attached hereto. This schedule was compiled based upon the trial calendars of counsel and their evaluation of the parties' discovery needs.

Plaintiffs anticipate serving written discovery regarding County records regarding the incident and taking the depositions of County personnel who were present at Men's Central Jail at the time of the incident. Plaintiffs may also depose EMTs, paramedics, and/or other medical personnel who provided medical attention to Mr. Rahmati. Plaintiffs also plan to retain experts who will opine on, and potentially testify to, issues of liability, causation, and damages. Plaintiffs intend to retain a jail practices expert and may retain additional experts as needed. Plaintiffs anticipate serving written interrogatories, requests for admission, and requests for production of documents.

Defendant anticipates serving written discovery and taking depositions concerning the nature and quality of Decedent's relationship with the surviving Plaintiff and to determine the existence of any other potential heirs. Defendant will retain experts who will opine testify to, issues of liability, causation, and damages. Defendant intends to retain a jail practices expert and pathology. Defendant anticipates serving written interrogatories, requests for admission, and requests for production of documents

The parties will also take the depositions of any experts or witnesses identified by the other.

The parties do not see any issues regarding electronically stored information pursuant to Rule 26(f)(3)(C) in this case.

The parties do not anticipate any changes to the limitations on discovery imposed by the Federal Rules at this time, except that Plaintiffs may seek a stipulation or leave to depose more witnesses than the 10 allowed under the Federal Rules, if Plaintiffs learn through discovery that there were more County of Los Angeles personnel who were present during relevant events and may be material witnesses than Plaintiffs would otherwise be able to depose.

The parties propose a fact discovery cut-off of August 22, 2025, which is also as set forth in Exhibit A hereto.

The parties have discussed expert discovery and propose exchange dates of: Initial Expert Disclosure on September 12, 2025; Rebuttal Expert Disclosure on October 3, 2025; and Expert Discovery Cut-off of October 17, 2025. The dates for Initial and Rebuttal Expert Disclosure are also set forth in Exhibit A attached hereto.

The parties will simultaneously exchange their expert reports.

**(6)** **Legal Issues**

1. Whether the individual defendants were deliberately indifferent to a known risk of harm to Mr. Rahmati;

2. Whether the individual defendants were deliberately indifferent to Mr. Rahmati's serious medical needs;

3. Whether the individual defendants unlawfully interfered with Plaintiffs' familial relationship with Mr. Rahmati;

4. Whether the Defendant County failed to adequately train its deputies and/or jail officials;

5. Whether the Defendant County maintained an unlawful custom, policy, or practice;

6. Whether the defendants violated Mr. Rahmati's rights under the Americans with Disabilities Act;

7. Whether the individual defendants were negligent toward Mr. Rahmati;

8. Whether the individual defendants unreasonably failed to timely summon medical care for Mr. Rahmati;

9. The nature and scope of Plaintiffs' damages; and

10. Whether Plaintiffs are entitled to punitive damages.

**(7) Service of Complaint**

The named Defendant County has been served and has answered the operative complaint.

**(8) Motions**

a. *Procedural Motions*

There are no pending motions. Plaintiffs anticipate filing either a stipulation to name the currently unidentified individual deputies who are alleged to have liability, currently named in the Complaint as Doe defendants, once such identities become available through initial discovery, or a motion to amend if a stipulation cannot be reached. Plaintiffs are hopeful that such amendment may be accomplished through stipulation. Aside from this, the parties do not anticipate bringing any

motions to amend the pleadings, add parties or claims or transfer venue. The parties expect to file discovery motions as needed or to seek assistance from the Magistrate Judge via informal discovery conference.

Defendant does not anticipate filing any procedural motions at this time.

      b.    *Dispositive Motions*

The parties have discussed potential motions and propose a deadline of December 5, 2025, to hear dispositive motions. This proposed date is also set forth in Exhibit A attached hereto.

After a period of discovery, Plaintiffs may bring a motion for summary judgment or adjudication on one or more claims as appropriate. If such a motion is brought, Plaintiffs will adhere to the Court's requirements for motions for summary judgment.

Defendant anticipates filing a motion for summary judgment or partial summary judgment.

The parties agree and request that for any motion made pursuant to F.R.C.P. 56, the opposing party shall have two weeks to prepare and file their opposition papers and that the moving party shall have two weeks to prepare and file their reply papers.

The parties further anticipate bringing motions *in limine* based on the claims and damages remaining at trial.

      c.    *Class Certification Motion*

Not applicable.

**(8)**    **Alternative Dispute Resolution (ADR)**

      a.    *Prior Discussions*

The parties have not had substantive settlement discussions. The parties are amenable to engaging in initial settlement discussions following a period of discovery.

b. *ADR Selection*

The parties are agreeable to participating in ADR Procedure No. 2 (appearance before neutral selected from Court's Mediation Panel). If mediation is unsuccessful, the parties are also amenable to participating in a Settlement Conference before a Magistrate Judge.

**(9) Trial**

a. *Proposed Trial Date*

The parties propose a trial start date of April 27, 2026. This date reflects the anticipated scope of fact discovery; the need for expert discovery; the potential for the filing, hearing, and resolution of dispositive motions filed by one or both parties; and lead trial counsel's current trial calendars for late 2025 and early 2026.

b. *Time Estimate*

The parties estimate the trial will take approximately five to seven court days. This estimate reflects the anticipated need for testimony from the parties, percipient witnesses, and one or more experts for each side.

c. *Jury or Court Trial*

The parties request a trial by jury.

d. *Magistrate Judge*

The parties are not requesting to try the case before a magistrate judge.

e. *Trial Counsel*

Dale K. Galipo will be lead trial counsel for Plaintiffs. Tomas A. Guterres and Chandler A. Parker will be lead trial counsel for Defendant.

**(10) Special Requests/Other Issues**

a. *Independent Expert or Master*

The parties agree that this case does not require an independent expert or master.

b. *Manual for Complex Litigation*

The parties agree that this is not a complex case and is therefore not subject to

the Manual for Complex Litigation.

        c.    *Other Issues*

The parties stipulate to electronic service of discovery.

Respectfully submitted,

Dated: December 4, 2024    LAW OFFICES OF DALE K. GALIPO

By   */s/ Benjamin S. Levine*
    DALE K. GALIPO
    BENJAMIN S. LEVINE[1]
    *Attorneys for Plaintiffs*

Dated: December 4, 2024    COLLINS + COLLINS LLP

By   */s/ Chandler A. Parker*
    TOMAS A. GUTERRES
    CHANDLER A. PARKER
    *Attorneys for Defendant County of Los Angeles*

---

[1] Pursuant to Local Rule 5-4.3.4, as the filer of this document, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

# EXHIBIT A
# JUDGE MICHELLE WILLIAMS COURT
## EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No.: | 2:24-cv-05560-MWC-JC |
| --- | --- |
| Case Name: | *Masoumeh Motevalli Alamouti, et al. v. County of Los Angeles, et al.* |

| Matter | Plaintiffs' Request | Defendant's Request | Court's Order |
| --- | --- | --- | --- |
| _X_ Jury Trial *or* __ Bench Trial [Monday at 8:30 a.m. within 12-15 months of Scheduling Conference based on complexity] Estimated Duration: 5-7 days | Apr. 27, 2026 | Apr. 27, 2026 | |
| Final Pretrial Conference [L.R. 16] Hearing on Motions *In Limine* [Friday at 1:30 p.m. at least 19 days before trial] | Mar. 27, 2026 | Mar. 27, 2026 | |
| Last Date to Hear Motion to Amend Pleadings or Add Parties [Friday] (approx. 6 weeks after scheduling conference) | Apr. 18, 2025 | Apr. 18, 2025 | |
| Fact Discovery Cut-Off (no later than deadline for filing dispositive motion) (approx. 24 weeks before FPTC) | Aug. 22, 2025 | Aug. 22, 2025 | |
| Expert Disclosure (Initial) (approx. 23 weeks before FPTC) | Sept. 12, 2025 | Sept. 12, 2025 | |
| Expert Disclosure (Rebuttal) (approx. 21 weeks before FPTC) | Oct. 3, 2025 | Oct. 3, 2025 | |
| Expert Discovery Cut-Off (approx. 19 weeks before FPTC) | Oct. 17, 2025 | Oct. 17, 2025 | |
| Last Date to Hear Motions [Friday] <ul><li>Parties shall take note of the Court's briefing schedule as set forth in the Civil Standing Order, found on Judge Court's website</li></ul> (approx. 12 weeks before FPTC) | Dec. 5, 2025 | Dec. 5, 2025 | |
| Deadline to Complete Settlement Conference [L.R. 16-15] Select one: ☐ 1. Magistrate Judge (with Court approval) ☒ 2. Court Mediation Panel | Dec. 19, 2025 | Dec. 19, 2025 | |

| | | | |
|---|---|---|---|
| ☐ 3. Private Mediation (approx. 10 weeks before FPTC) | | | |
| Trial Filings (first round)<br>• Motions in Limine<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only)<br>• Declarations containing Direct Testimony, if ordered (bench trial only)<br>(approx. 4 weeks before FPTC) | Feb. 27, 2026 | Feb. 27, 2026 | |
| Trial Filings (second round)<br>• Oppositions to Motions in Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint Agreed Upon Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed Voir Dire Questions, if any (jury trial only)<br>• Evidentiary Objections to Declarations of Direct Testimony (bench trial only)<br>(approx. 2 weeks before FPTC) | Mar. 13, 2026 | Mar. 13, 2026 | |