| | |
|---|---|
| **LAW OFFICES OF DALE K. GALIPO**<br>Dale K. Galipo (SBN 144074)<br>dalekgalipo@yahoo.com<br>Benjamin S. Levine (SBN 342060)<br>blevine@galipolaw.com<br>21800 Burbank Boulevard, Suite 310<br>Woodland Hills, California, 91367<br>Tel.: (818) 347-3333<br>Fax: (818) 347-4118 | Tomas A. Guterres (SBN 152729)<br>Chandler A. Parker (SBN 334008)<br>**COLLINS + COLLINS LLP**<br>790 E. Colorado Boulevard, Suite 600<br>Pasadena, CA 91101<br>Tel: (626) 243-1100<br>Fax: (626) 243-1111<br>Email: tguterres@ccllp.law<br>Email: cparker@ccllp.law |
| **LESSEM, NEWSTAT & TOOSON, LLP**<br>Jeremy I. Lessem (SBN 213406)<br>jeremy@lnlegal.com<br>3450 Cahuenga Blvd., Unit 102<br>Los Angeles, CA 90068<br>Tel: (818) 582-3087<br>Fax: (818) 484-3087 | *Attorneys for Defendant County of Los Angeles* |

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MASOUMEH MOTEVALLI ALAMOUTI, individually and as successor-in-interest to Masoud Rahmati, deceased; and MOSHEN RAHMATI, individually,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF LOS ANGELES; and DOES 1 through 10, inclusive,<br><br>　　　　　　　Defendants. | Case No. 2:24-cv-05560-MWC-JC<br><br>*District Judge Michelle Williams Court*<br>*Mag. Judge Jacqueline Chooljian*<br><br>**STIPULATION AND REQUEST FOR ORDER MODIFYING SCHEDULING ORDER TO CONTINUE DEADLINE TO HEAR MOTION TO AMEND PLEADINGS OR ADD PARTIES ONLY**<br><br>Action Filed:　　　July 1, 2024<br>Fact Discovery Cutoff: Aug. 22, 2025<br>Trial Date:　　　　Feb. 23, 2026<br><br>Previous Continuance Requests: 0<br><br>[*Proposed Order filed concurrently herewith*] |

1
STIPULATION AND REQUEST FOR ORDER MODIFYING SCHEDULING ORDER TO CONTINUE
DEADLINE TO HEAR MOTION TO ADD PARTIES OR AMEND PLEADINGS ONLY

**TO THE HONORABLE COURT:**

IT IS HEREBY STIPULATED BY AND BETWEEN Plaintiffs, Masoumeh Motevalli Alamouti and Moshen Rahmati, and Defendant County of Los Angeles — the parties to this action — for the purpose of jointly requesting that the honorable Court enter an order, pursuant to Fed. R. Civ. P. 16(b)(4) and any applicable Orders of the Court, modifying the existing scheduling order in this case for the sole purpose of continuing the deadline by which motions to amend pleadings or add parties must be heard, as follows:

**GOOD CAUSE STATEMENT**

1. WHEREAS, this is a wrongful death civil rights case involving the Los Angeles County Sheriff's Department. Plaintiffs' Complaint was filed against the County of Los Angeles and Doe defendants on July 1, 2024. [Dkt. 1.]

2. WHEREAS, Plaintiffs' Complaint alleges that, while in the custody of the County of Los Angeles, by and through its Sheriff's Department at its Men's Central Jail, Plaintiffs' decedent, Masoud Rahmati ("Mr. Rahmati"), was beaten to death by other inmates or detainees at the jail. [*See id.*] It asserts federal constitutional claims and claims under California law based on County officials' alleged failure to protect Mr. Rahmati from this beating. [*See id.*] Accordingly, liability in this case is complex, and ascertaining which County officials may be liable is not straightforward, as, for example, it might otherwise be if Plaintiffs were suing the individuals who themselves used force against Mr. Rahmati.

3. WHEREAS, on October 24, 2024, the Court issued a Notice of Scheduling Conference, setting a Scheduling Conference for December 27, 2024. [Dkt. 14.] On December 4, 2024, the parties filed a Joint Rule 26(f) Report setting forth a discovery plan and proposing dates and deadlines governing discovery and trial in this case. [Dkt. 18.] Those proposed dates and deadlines included,

*inter alia*, a proposed Last Date to Hear Motion to Amend Pleadings or Add Parties of April 18, 2025. [*Id.* at 11.]

4. WHEREAS, on December 5, 2024, the Court issued a Civil Trial Order vacating the Scheduling Conference and setting dates and deadlines governing this case, including, *inter alia*, a Last Date to Hear Motion to Amend Pleadings or Add Parties of February 21, 2025. [Dkt. 20 at 3.]

5. WHEREAS, the parties exchanged initial disclosures on December 9, 2024, and have since been engaged in fact discovery, including discovery by Plaintiffs seeking to identify the County officials who may be liable for Mr. Rahmati's death. Plaintiffs intend to seek leave to amend their Complaint at the earliest possible opportunity to name those officials as defendants in this action in lieu of the Doe defendants currently identified in the Complaint.

6. WHEREAS, given the current February 21, 2025, deadline to Hear Motion to Amend Pleadings or Add Parties, as well as pending discovery requests aimed at identifying County officials who may be liable in this case, Plaintiffs will have insufficient time to determine the identities of these officials, prepare a proposed First Amended Complaint, and file a motion for leave to amend the complaint, with a hearing set on or before February 21, 2025, if a stipulation for such amendment cannot be reached.

7. WHEREAS, if Plaintiffs cannot name the pertinent County officials as individual defendants in this case, Plaintiffs' ability to prosecute this wrongful death case will be dramatically curtailed, to their extreme prejudice. Plaintiffs' federal claims brought under 42 U.S.C. § 1983 require the naming of individual defendants in order for these claims to be maintained, as no respondeat superior liability exists under § 1983. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

8. WHEREAS, the parties are <u>not</u> requesting a continuance of any other date set in the Court's Civil Trial Order, and the Fact Discovery Cut-Off in this case is

on August 22, 2025, more than four months after the continued Last Date to Hear Motion to Amend Pleadings or Add Parties proposed herein. Accordingly, the parties agree that no party will be prejudiced by the limited proposed continuance. The parties anticipate that there will be sufficient time to complete fact discovery as to any newly added or named defendants by the current Fact Discovery Cut-Off, such that the limited continuance proposed herein will not impact that deadline or any other deadline set in the Civil Trial Order.

9. WHEREAS, no continuance to any date or deadline in this case has previously been requested by any party.

**STIPULATION RE CONTINUANCE OF SCHEDULING ORDER DEADLINE**

10. ACCORDINGLY, in light of the foregoing Good Cause, the parties hereby stipulate and request a modification of the Courts Civil Trial Order and deadline to Hear Motion to Amend Pleadings or Add Parties only, as follows:

| EVENT | CURRENT DEADLINE | REQUESTED DEADLINE |
|---|---|---|
| **Last Date to Hear Motion to Amend Pleadings or Add Parties** | 02/21/2025 | 04/11/2025 |

11. The parties are not currently requesting a continuance of any other dates or deadlines set by the Court in this case, in the Court's Civil Trial Order or otherwise, and the parties understand that all other dates and deadlines shall remain unchanged and unaffected by the parties' stipulation and by the Order requested by the parties.

/ / /

**IT IS SO STIPULATED**.

Dated: January 23, 2025      LAW OFFICES OF DALE K. GALIPO

By   */s/ Benjamin S. Levine*
   DALE K. GALIPO
   BENJAMIN S. LEVINE[1]
   *Attorneys for Plaintiffs*

Dated: January 23, 2025      COLLINS + COLLINS LLP

By   */s/ Chandler A. Parker*
   TOMAS A. GUTERRES
   CHANDLER A. PARKER
   *Attorneys for Defendant County of Los Angeles*

---

[1] Pursuant to Local Rule 5-4.3.4, as the filer of this document, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.