Tomas A. Guterres, Esq. (State Bar No. 152729)
Chandler A. Parker, Esq. (State Bar No. 334008)
COLLINS + COLLINS LLP
790 E. Colorado Boulevard, Suite 600
Pasadena, CA 91101
(626) 243-1100 – FAX (626) 243-1111
Email: tguterres@ccllp.law
Email: cparker@ccllp.law

Attorneys for Defendant
COUNTY OF LOS ANGELES, YVONNE PULLEN, OLUWASANMI OGUNJUMO, JOEL LEYVA, ANDREW WISE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA -

WESTERN DIVISION

| | |
|---|---|
| MASOUMEH MOTEVALLI ALAMOUTI, individually and as successor-in-interest to Masoud Rahmati, deceased; and MOSHEN RAHMATI, individually, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF LOS ANGELES; and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. 2:24-cv-05560-KS <br> *[Assigned to Hon. Karen L. Stevenson in Courtroom 580]* <br><br> **ANSWER TO PLAINTIFF'S FIRST COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> Complaint Filed: 07/01/2024 <br> Trial Date:       None |

**TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:**

26301

1

**ANSWER TO PLAINTIFF'S FIRST COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendants **COUNTY OF LOS ANGELES, YVONNE PULLEN, OLUWASANMI OGUNJUMO, JOEL LEYVA, ANDREW WISE** (hereinafter collectively referred to as "Defendant" and/or "County"), by and through their respective attorneys of record, Collins + Collins, LLP, hereby answers the operative complaint by Plaintiff **MASOUMEH MOTEVALLI ALAMOUTI**, individually and as successor-in-interest to Masoud Rahmati ("Decedent") deceased; and MOSHEN RAHMATI, individually, by admitting, denying, and alleging as follows:

1. Answering paragraph 1 of the operative complaint, Defendant admits this action arises out of June 13, 2023 incident. Defendant denies the remaining allegations.

2. Answering paragraph 2 of the operative complaint, Defendant admits the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims under the laws of the United States including 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution.

3. Answering paragraph 3 of the operative complaint, Defendant admits venue is proper.

4. Answering paragraph 4 of the operative complaint, Defendant has insufficient knowledge or information to admit or deny whether Plaintiffs have standing to pursue survival claims, and for this reason, denies the allegations.

5. Answering paragraph 5 of the operative complaint, Defendant has insufficient information as to whether Plaintiffs timely filed a valid government claim with the Los Angeles County Clerk of the Board of Supervisors pursuant to Cal. Government Code Section 910, and for this reason, denies the allegations.

6. Answering paragraph 6 of the operative complaint, Defendant is informed and believes and therefore admits that Masoud Rahmati's ("Decedent) date of birth was March 22, 1973. Defendant has insufficient information concerning Decedent's residence to admit or deny the remaining allegations, and for this reason, denies them.

*26301*

2

**ANSWER TO PLAINTIFF'S FIRST COMPLAINT AND DEMAND FOR JURY TRIAL**

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

7. Answering paragraph 7 of the operative complaint, Defendant has insufficient knowledge or information to admit or deny whether Masoumeh Motevalli Alamouti is/was the biological mother and an heirs-at-law to Decedent; whether she is a proper successor in interest and/or entitled to recover wrongful death damages for the death of her son, including loss of economic support, loss of love, aid, comfort, society, guidance and affection, funeral and burial expenses and all other wrongful death damages available under state and federal law; whether as successor interest Decedent, she is also entitled to recover additional damages of the conscious pain, suffering, mental and emotional distress, worry, fear and anxiety and other personal injury/survival damages available to a successor-in-interest to the Estate under state and federal law and on that basis deny said allegations.

8. Answering paragraph 8 of the operative complaint, Defendant denies Moshen Rahmati has standing to pursue this action based on his status as Decedent's brother.

9. Answering paragraph 9 of the operative complaint, Defendant admits the County is a duly organized public entity responsible for the operation of the jail where Decedent was held in custody at the time of his death. Defendant denies the remaining allegations.

10. Answering paragraph 10 of the operative complaint, Defendant admits YVONNE PULLEN was working at MCJ at the time of the incident. Defendant denies the remaining allegations.

11. Answering paragraph 11 of the operative complaint, Defendant admits RYAN GARCIA was working at MCJ at the time of the incident. Defendant denies the remaining allegations.

12. Answering paragraph 12 of the operative complaint, Defendant admits BRISEIDA NOCHEZ was working at MCJ at the time of the incident. Defendant denies the remaining allegations.

*26301*

3

**ANSWER TO PLAINTIFF'S FIRST COMPLAINT AND DEMAND FOR JURY TRIAL**

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

13. Answering paragraph 13 of the operative complaint, Defendant admits RENE AGUILAR ORNELAS was working at MCJ at the time of the incident. Defendant denies the remaining allegations.

14. Answering paragraph 14 of the operative complaint, Defendant admits JOEL LEYVA was working at MCJ at the time of the incident. Defendant denies the remaining allegations.

15. Answering paragraph 15 of the operative complaint, Defendant admits ANDREW WISE was working at MCJ at the time of the incident. Defendant denies the remaining allegations.

16. Answering paragraph 16 of the operative complaint, Defendant admits JASON GONZALEZ was working at MCJ at the time of the incident. Defendant denies the remaining allegations.

17. Answering paragraph 17 of the operative complaint, Defendant admits BART MARSHALL was working at MCJ at the time of the incident. Defendant denies the remaining allegations.

18. Answering paragraph 18 of the operative complaint, Defendant admits MICHAEL MAYBEE was working at MCJ at the time of the incident. Defendant denies the remaining allegations.

19. Answering paragraph 19 of the operative complaint, Defendant admits OLUWASANMI OGUNJUMO was working at MCJ at the time of the incident. Defendant denies the remaining allegations.

20. Answering paragraph 20 of the operative complaint, Defendant admits the individuals identified in this paragraph are being sued as individual defendants. Defendant denies the remaining allegations.

21. Answering paragraph 21 of the operative complaint, Defendant are unable to admit or deny facts regarding the individual Defendants' residence for security reasons

26301

4

**ANSWER TO PLAINTIFF'S FIRST COMPLAINT AND DEMAND FOR JURY TRIAL**

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

and for this reason, denies the allegations.

22. Answering paragraph 22 of the operative complaint, Defendant denies the allegations.

23. Answering paragraph 23 of the operative complaint, Defendant denies the allegations.

24. Answering paragraph 24 of the operative complaint, Defendants has insufficient knowledge or information as to the timeliness of the claims and for this reason, denies the allegations.

25. Answering paragraph 25 of the operative complaint, Defendant realleges its previous responses to preceding paragraphs as if set forth fully herein.

26. Answering paragraph 26 of the operative complaint, Defendant admits Decedent was in its custody in June of 2023. Defendant has insufficient information concerning Decedent's custodial status to admit or deny the remaining allegations, and for this reason, denies them.

27. Answering paragraph 27 of the operative complaint, Defendant has insufficient information concerning Decedent's mental health to admit or deny facts concerning his custodial status and for this reason, denies the allegations.

28. Answering paragraph 28 of the operative complaint, Defendant has insufficient information concerning the mental health of other inmates to admit or deny facts concerning the mental health status of other inmates on the Fifth floor, and for this reason, denies the allegations.

29. Answering paragraph 29 of the operative complaint, Defendant admits that Decedent may have been attacked by one or more inmates. Defendant has insufficient information about Decedent's injuries to admit or deny facts concerning the nature of the injuries he sustained, and for this reason, denies the remaining allegations.

30. Answering paragraph 30 of the operative complaint, Defendant has insufficient

COLLINS+COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

information to admit or deny, and for this reason, denies the allegations.

31. Answering paragraph 31 of the operative complaint, Defendant has insufficient information to admit or deny, and for this reason, denies the allegations.

32. Answering paragraph 32 of the operative complaint, Defendant denies the allegations.

33. Answering paragraph 33 of the operative complaint, Defendant has insufficient information to admit or deny, and for this reason, denies the allegations.

34. Answering paragraph 34 of the operative complaint, Defendant denies the allegations.

35. Answering paragraph 35 of the operative complaint, Defendant denies the allegations.

36. Answering paragraph 36 of the operative complaint, Defendant has insufficient information to admit or deny, and for this reason, denies the allegations.

37. Answering paragraph 37 of the operative complaint, Defendant has insufficient information to admit or deny, and for this reason, denies the allegations.

38. Answering paragraph 38 of the operative complaint, Defendant has insufficient information to admit or deny, and for this reason, denies the allegations.

39. Answering paragraph 39 of the operative complaint, Defendant denies the allegations.

40. Answering paragraph 40 of the operative complaint, Defendant denies the allegations.

41. Answering paragraph 41 of the operative complaint, Defendant denies the allegations.

42. Answering paragraph 42 of the operative complaint, Defendant denies the allegations.

*26301*

6

**ANSWER TO PLAINTIFF'S FIRST COMPLAINT AND DEMAND FOR JURY TRIAL**

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

43. Answering paragraph 43 of the operative complaint, Defendant realleges its previous responses to preceding paragraphs as if set forth fully herein.

44. Answering paragraph 44 of the operative complaint, Defendant denies the allegations.

45. Answering paragraph 45 of the operative complaint, Defendant denies the allegations.

46. Answering paragraph 46 of the operative complaint, Defendant denies the allegations.

47. Answering paragraph 47 of the operative complaint, Defendant denies the allegations.

48. Answering paragraph 48 of the operative complaint, Defendant denies the allegations.

49. Answering paragraph 49 of the operative complaint, Defendant denies the allegations.

50. Answering paragraph 50 of the operative complaint, Defendant denies the allegations.

51. Answering paragraph 51 of the operative complaint, Defendant denies the allegations.

52. Answering paragraph 52 of the operative complaint, Defendant denies the allegations.

53. Answering paragraph 53 of the operative complaint, Defendant denies the allegations.

54. Answering paragraph 54 of the operative complaint, Defendant denies the allegations.

55. Answering paragraph 55 of the operative complaint, Defendant denies the allegations.

*26301*

7

**ANSWER TO PLAINTIFF'S FIRST COMPLAINT AND DEMAND FOR JURY TRIAL**

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

56. Answering paragraph 56 of the operative complaint, Defendant denies the allegations.

57. Answering paragraph 57 of the operative complaint, Defendant denies the allegations.

58. Answering paragraph 58 of the operative complaint, Defendant realleges its previous responses to preceding paragraphs as if set forth fully herein.

59. Answering paragraph 59 of the operative complaint, Defendant denies the allegations.

60. Answering paragraph 60 of the operative complaint, Defendant denies the allegations.

61. Answering paragraph 61 of the operative complaint, Defendant denies the allegations.

62. Answering paragraph 62 of the operative complaint, Defendant denies the allegations.

63. Answering paragraph 63 of the operative complaint, Defendant denies the allegations.

64. Answering paragraph 64 of the operative complaint, Defendant denies the allegations.

65. Answering paragraph 65 of the operative complaint, Defendant denies the allegations.

66. Answering paragraph 66 of the operative complaint, Defendant denies the allegations.

67. Answering paragraph 67 of the operative complaint, Defendant denies the allegations.

68. Answering paragraph 68 of the operative complaint, Defendant denies the allegations.

*26301*

8

**ANSWER TO PLAINTIFF'S FIRST COMPLAINT AND DEMAND FOR JURY TRIAL**

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

69. Answering paragraph 69 of the operative complaint, Defendant denies the allegations.

70. Answering paragraph 70 of the operative complaint, Defendant denies the allegations.

71. Answering paragraph 71 of the operative complaint, Defendant denies the allegations.

72. Answering paragraph 72 of the operative complaint, Defendant denies the allegations.

73. Answering paragraph 73 of the operative complaint, Defendant realleges its previous responses to preceding paragraphs as if set forth fully herein.

74. Answering paragraph 74 of the operative complaint, Defendant denies the allegations.

75. Answering paragraph 75 of the operative complaint, Defendant denies the allegations.

76. Answering paragraph 76 of the operative complaint, Defendant denies the allegations.

77. Answering paragraph 77 of the operative complaint, Defendant denies the allegations.

78. Answering paragraph 78 of the operative complaint, Defendant denies the allegations.

79. Answering paragraph 79 of the operative complaint, Defendant denies the allegations.

80. Answering paragraph 80 of the operative complaint, Defendant denies the allegations.

81. Answering paragraph 81 of the operative complaint, Defendant denies the allegations.

*26301*

9

ANSWER TO PLAINTIFF'S FIRST COMPLAINT AND DEMAND FOR JURY TRIAL

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

82. Answering paragraph 82 of the operative complaint, Defendant realleges its previous responses to preceding paragraphs as if set forth fully herein.

83. Answering paragraph 83 of the operative complaint, Defendant denies the allegations.

84. Answering paragraph 84 of the operative complaint, Defendant denies the allegations.

85. Answering paragraph 85 of the operative complaint, Defendant denies the allegations.

86. Answering paragraph 86 of the operative complaint, Defendant denies the allegations.

87. Answering paragraph 87 of the operative complaint, Defendant denies the allegations.

88. Answering paragraph 88 of the operative complaint, Defendant denies the allegations.

89. Answering paragraph 89 of the operative complaint, Defendant denies the allegations.

90. Answering paragraph 90 of the operative complaint, Defendant denies the allegations.

91. Answering paragraph 91 of the operative complaint, Defendant realleges its previous responses to preceding paragraphs as if set forth fully herein.

92. Answering paragraph 92 of the operative complaint, Defendant denies the allegations.

93. Answering paragraph 93 of the operative complaint, Defendant denies the allegations.

94. Answering paragraph 94 of the operative complaint, Defendant denies the allegations.

*26301*

10

**ANSWER TO PLAINTIFF'S FIRST COMPLAINT AND DEMAND FOR JURY TRIAL**

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

95. Answering paragraph 95 of the operative complaint, Defendant denies the allegations.

96. Answering paragraph 96 of the operative complaint, Defendant denies the allegations.

97. Answering paragraph 97 of the operative complaint, Defendant denies the allegations.

98. Answering paragraph 98 of the operative complaint, Defendant denies the allegations.

99. Answering paragraph 99 of the operative complaint, Defendant realleges its previous responses to preceding paragraphs as if set forth fully herein.

100. Answering paragraph 100 of the operative complaint, Defendant denies the allegations.

101. Answering paragraph 101 of the operative complaint, Defendant denies the allegations.

102. Answering paragraph 102 of the operative complaint, Defendant denies the allegations.

103. Answering paragraph 103 of the operative complaint, Defendant denies the allegations.

104. Answering paragraph 104 of the operative complaint, Defendant denies the allegations.

105. Answering paragraph 105 of the operative complaint, Defendant denies the allegations.

106. Answering paragraph 106 of the operative complaint, Defendant denies the allegations.

107. Answering paragraph 107 of the operative complaint, Defendant denies the allegations.

*26301*

11
ANSWER TO PLAINTIFF'S FIRST COMPLAINT AND DEMAND FOR JURY TRIAL

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

108. Answering paragraph 108 of the operative complaint, Defendant realleges its previous responses to preceding paragraphs as if set forth fully herein.

109. Answering paragraph 109 of the operative complaint, Defendant denies the allegations.

110. Answering paragraph 110 of the operative complaint, Defendant denies the allegations.

111. Answering paragraph 111 of the operative complaint, Defendant denies the allegations.

112. Answering paragraph 112 of the operative complaint, Defendant denies the allegations.

113. Answering paragraph 113 of the operative complaint, Defendant denies the allegations.

114. Answering paragraph 114 of the operative complaint, Defendant denies the allegations.

115. Answering paragraph 115 of the operative complaint, Defendant denies the allegations.

116. Answering paragraph 116 of the operative complaint, Defendant realleges its previous responses to preceding paragraphs as if set forth fully herein.

117. Answering paragraph 117 of the operative complaint, Defendant denies the allegations.

118. Answering paragraph 118 of the operative complaint, Defendant denies the allegations.

119. Answering paragraph 119 of the operative complaint, Defendant denies the allegations.

120. Answering paragraph 120 of the operative complaint, Defendant denies the allegations.

121. Answering paragraph 121 of the operative complaint, Defendant denies the allegations.

122. Answering paragraph 122 of the operative complaint, Defendant denies the allegations.

123. Answering paragraph 123 of the operative complaint, Defendant realleges its previous responses to preceding paragraphs as if set forth fully herein.

124. Answering paragraph 124 of the operative complaint, Defendant denies the allegations.

125. Answering paragraph 125 of the operative complaint, Defendant denies the allegations.

126. Answering paragraph 126 of the operative complaint, Defendant denies the allegations.

127. Answering paragraph 127 of the operative complaint, Defendant denies the allegations.

128. Answering paragraph 128 of the operative complaint, Defendant denies the allegations.

129. Answering paragraph 129 of the operative complaint, Defendant denies the allegations.

130. Answering paragraph 130 of the operative complaint, Defendant denies the allegations.

131. Answering paragraph 131 of the operative complaint, Defendant denies the allegations.

## PRAYER FOR RELIEF

Defendant denies Plaintiff is entitled to any of the relief requested in paragraphs a-i in the prayer for relief.

///

*26301*

13
**ANSWER TO PLAINTIFF'S FIRST COMPLAINT AND DEMAND FOR JURY TRIAL**
COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

## AFFIRMATIVE DEFENSES

Defendant alleges the following affirmative defenses to the operative complaint. In asserting these affirmative defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed on Plaintiff.

1. Plaintiff's Complaint fails to state sufficient facts to constitute a claim against this answering Defendant.

2. Plaintiff has failed to state any claim upon which relief may be granted.

3. Plaintiff failed to mitigate or attempt to mitigate damages, therefore if in fact any damages have been sustained, any recovery by Plaintiff should be diminished or barred.

4. To the extent that Plaintiff's Complaint raises substantive due process claims under 42 U.S.C. section 1983 et seq., Plaintiff failed to demonstrate or prove any arbitrary or capricious governmental action to sustain that claim.

5. To the extent that Plaintiff's Complaint raises procedural due process claims under 42 U.S.C. section 1983 et seq., Plaintiff failed to exhaust the remedies available under state or administrative law as to some or all of the claims.

6. Plaintiff's Complaint fails to establish that any conduct on the part of Defendant deprived Plaintiff or Decedent any right, privilege, or immunity secured by the U.S. Constitution.

7. All act or omissions complained of herein were taken in accordance with established policies and procedures, in accordance with law and thereby privileged.

8. Plaintiff's Complaint fails to establish that any activity alleged to have caused the unconstitutional deprivation implements or executes a policy, statement, ordinance, regulation, or decision officially adopted and promulgated by Defendant.

9. Plaintiff's damages alleged, if any, were directly and proximately caused and contributed to by the negligence of other persons, and the extent of damages sustained,

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

if any, should be reduced and proportioned to the amount of said negligence.

10. Plaintiff's Complaint, and each count thereof, fails to establish causation under color of statute, ordinance, regulation, custom, or usage.

11. Plaintiff's injuries, if any, were caused by persons other than the named individual Defendant.

12. The conduct of the individually deputies as alleged in Plaintiff's Complaint is privileged and immune under federal and state law.

13. Decedent's injuries, if any, are the result of his own negligence.

14. Plaintiff's Complaint fails to state a cause of action under *Monell v. Department of Social Services for the City of New York*, 436 U.S. 658 (1978) because there can be no recovery for a federal civil rights violations where there is no constitutional deprivation caused by an expressly adopted official policy or longstanding practice or custom.

15. Defendant did not act with reckless disregard or deliberate indifference.

16. Decedent was careless and negligent in and about the matters alleged in the Complaint. That carelessness and negligence proximately contributed to the incident and to any injuries, loss, or damaged caused thereby. Accordingly, Plaintiff's right to recover damages is correspondingly reduced.

17. The acts complained of in the Complaint were not caused by any unconstitutional policy, custom, practice or procedure promulgated or tolerated by an official authorized under state law to enact policy or procedure.

18. Neither a public entity nor a public employee is liable for any injury caused by the act or omission of another person.

19. Defendant at all times acted reasonably, in good faith, and with the reasonable belief that his actions were valid and is therefore entitled to qualified immunity.

20. The doctrine of respondeat superior is not applicable to actions under 42 U.S.C.

*26301*

15

**ANSWER TO PLAINTIFF'S FIRST COMPLAINT AND DEMAND FOR JURY TRIAL**

COLLINS+COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

§1983.

21. Plaintiff's claims and requests for relief are barred, in whole or in part, by the doctrine of laches.

22. Plaintiff's claims and requests for relief are barred, in whole or in part, by the doctrine of unclean hands.

23. Plaintiff's claims and requests for relief are barred, in whole or in part, by the doctrine of estoppel.

24. Plaintiff did not suffer any detriment or damages in any amount whatsoever.

25. To the extent that Plaintiff suffered any detriment, such was unavoidable.

26. Defendant is not liable for damages proximately caused by the acts or omissions of third parties or Plaintiff.

27. Defendant is not the proximate cause of Plaintiff's alleged deprivation of constitutionally protected right, privilege, or immunity.

28. Any and all official conduct by Defendant was in good faith and without malicious intent to deprive Plaintiff and/or Decedent of her/his constitutional rights or to cause other injury.

29. There is no imputed liability between public officers in actions under the Federal Civil Rights Act.

30. Plaintiff and Decedent failed to exhaust the appropriate federal, state, and/or local remedies.

31. Defendants did not act in bad faith or with malicious intent.

32. The doctrine of qualified immunity applies to discretionary actions of Defendants that did not clearly violate established statutory or constitutional rights of which a reasonable person would have known.

33. Plaintiff's Complaint fails to state a claim upon which an award of punitive damages can be based.

*26301*

16

**ANSWER TO PLAINTIFF'S FIRST COMPLAINT AND DEMAND FOR JURY TRIAL**

COLLINS+COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

34. Plaintiff and Decedent barred from recovery due to the assumption of risk doctrine.

35. Plaintiff and Decedent failed to comply with the claims filing requirements for actions against public entities and/or their employees.

36. Any and all acts or omissions of Defendant which allegedly caused injuries as set forth in the Complaint were the result of the exercise of discretion and, therefore, Defendants are not liable to Plaintiff for any of the alleged damages, pursuant *to Government Code* § 820.2.

37. Defendant is not liable for damages, if any, alleged in the Complaint in that, pursuant to Government Code § 820.4, a public employee is not liable for his act or omission in the execution or enforcement of any law.

38. Defendant is not liable for the damages, if any, alleged in the Complaint by reason of the provisions of Government Code § 820.8, in that a public employee is not liable for an injury caused by the act or omission of another person.

39. Plaintiff fails to establish a cause of action against Defendants under 42 U.S.C § 1983 because simple negligence does not constitute a violation of federal civil rights. *Parratt v. Taylor*, 451 U.S. 527 (1981).

40. Defendant is not liable for the damages, if any, alleged in the Complaint by reason of the provisions of Government Code § 820.6, in that a public employee is not liable for an injury caused by acting under unconstitutional, invalid or inapplicable enactments.

41. Defendant is not liable for personal injuries to a prisoner or caused by prisoners under Government Code § 844.6.

42. Defendant is not liable for the failure to provide police protection under Government Code § 845.

43. Defendant is not liable for the failure to provide sufficient personnel in a

26301

17

**ANSWER TO PLAINTIFF'S FIRST COMPLAINT AND DEMAND FOR JURY TRIAL**

COLLINS+COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

correctional facility under Government Code § 845.2,

44. Defendant is not liable for an injury caused by the failure to furnish or obtain medical care under Government Code § 845.6

45. Defendant is not liable for injury caused by failure to make a physical or mental examination for the purpose of determining whether such a person has a condition that would constitute a hazard to the safety or health of himself or others under Government Code § 855.6.

46. Defendant is not liable for injury resulting from the failure to diagnose or prescribe for a person afflicted with drug addiction under Government Code § 855.8

47. Plaintiff does not have standing to pursue claims on behalf of Decedent in the capacity of his successor-in-interest.

48. Plaintiff is not Decedent's next of kin and does not have a legal right to inherit anything from Decedent's estate under intestate succession.

49. Plaintiff is liable for submitting a false claim to a government entity for the payment of money.

50. It is not clearly established law that jailers have a constitutional duty to prevent or otherwise mitigate the risk of prisoners voluntarily ingesting illicit or unprescribed drugs while in custody.

51. There is a material variance between the theories and claims in Plaintiff's government tort claim and the state law causes of action in the complaint.

52. The government tort claim failed to plead material facts contained in the complaint.

53. The claim failed to plead legal theories and caused of action contained in the complaint.

54. Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated defenses available.

*26301*

18

**ANSWER TO PLAINTIFF'S FIRST COMPLAINT AND DEMAND FOR JURY TRIAL**

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

Defendant therefore reserves the right to assert additional defenses that are revealed by further investigation or discovery

**WHEREFORE**, Defendant prays for judgment as follows:

1. That Plaintiffs takes nothing by this action;
2. That the action be dismissed;
3. That Defendant be awarded costs of suit; and
4. That Defendant be awarded such other and further relief as the Court may deem just and proper, including an award of attorneys' fees pursuant to 42 U.S.C. §1988.

## **DEMAND FOR JURY TRIAL**

Pursuant to *Federal Rules of Civil Procedure*, rule 48 and *Central District Local Rules*, rule 38-1, Defendant hereby demands a trial by jury.

DATED: May 8, 2025                    COLLINS + COLLINS LLP

By: _____
CHANDLER A. PARKER
Attorneys for Defendant
COUNTY OF LOS ANGELES, YVONNE PULLEN, OLUWASANMI OGUNJUMO, JOEL LEYVA, ANDREW WISE

*26301*

19

**ANSWER TO PLAINTIFF'S FIRST COMPLAINT AND DEMAND FOR JURY TRIAL**

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600, Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

26301

20

**ANSWER TO PLAINTIFF'S FIRST COMPLAINT AND DEMAND FOR JURY TRIAL**

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111