**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

**LESSEM, NEWSTAT & TOOSON, LLP**
Jeremy I. Lessem (SBN 213406)
jeremy@lnlegal.com
3450 Cahuenga Blvd., Unit 102
Los Angeles, CA 90068
Tel: (818) 582-3087
Fax: (818) 484-3087

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASOUMEH MOTEVALLI ALAMOUTI, individually and as successor-in-interest to Masoud Rahmati, deceased; and MOSHEN RAHMATI, individually,<br><br>                    Plaintiffs,<br><br>    v.<br><br>COUNTY OF LOS ANGELES; YVONNE PULLEN; RYAN GARCIA; BRISEIDA NOCHEZ; RENE AGUILAR ORNELAS; JOEL LEYVA; ANDREW WISE; JASON GONZALEZ; BART MARSHALL; MICHAEL MAYBEE; and OLUWASANMI OGUNJUMO,<br><br>                    Defendants. | Case No. 2:24-cv-05560-MWC-JC<br><br>*Hon. Michelle Williams Court*<br><br>**PLAINTIFFS' UNOPPOSED *EX PARTE* MOTION FOR DISCHARGE OR RECONSIDERATION OF ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF PROSECUTION AS TO INDIVIDUAL DEFENDANTS**<br><br>[*Declaration of Benjamin S. Levine and Proposed Order filed concurrently herewith*] |

**TO THIS HONORABLE COURT, AND ALL PARTIES THROUGH THEIR
ATTORNEYS OF RECORD:**

 **PLEASE TAKE NOTICE THAT** Plaintiffs, MASOUMEH MOTEVALLI
ALAMOUTI, individually and as successor-in-interest to Masoud Rahmati, deceased;
and and MOSHEN RAHMATI, individually, hereby move this Court by way of this
Unopposed *Ex Parte* Motion for Discharge or Reconsideration of the Court's May 2,
2025, Order to Show Cause Re Dismissal For Lack of Prosecution as to Yvonne
Pullen; Ryan Garcia; Briseida Nochez; Rene Aguilar Ornelas; Joel Leyva; Andrew
Wise; Jason Gonzalez; Bart Marshall; Michael Maybee; Oluwasanmi Ogunjumo.

 Plaintiffs make this motion pursuant to Central District Local Rule 7-19. The
grounds for this motion are set forth in the Memorandum of Points and Authorities,
which follows below, and the Declaration of Benjamin S. Levine, which is submitted
concurrently herewith. Prior to filing this *ex parte* motion, on May 13, 2025,
Plaintiffs' counsel contacted Defendants' counsel in compliance with Local Rule 7-19
through 7-19.1. Defendants are represented by: Chandler A. Parker and Tomas A.
Guterres; Collins + Collins LLP; 790 E. Colorado Blvd. Ste. 600, Pasadena, CA
91101; (626) 243-1100; cparker@ccllp.law, tguterres@ccllp.law. (Declaration of
Benjamin S. Levine in Support of *Ex Parte* Motion for Reconsideration or Discharge
of Order to Show Cause ("Levine Decl.") at ¶ 2.)

 Defendants' counsel has advised that they do not oppose the filing of this
motion on an *ex parte* basis and do not oppose the relief sought. (Levine Decl. at ¶ 3.)
Plaintiffs make this motion on an *ex parte* basis because, after Plaintiffs filed a
response to the Court's Order to Show Cause ("OSC") [Dkt. 33, 34], the OSC's
deadline was reset to May 19, 2025, but the OSC was not discharged. [Dkt. 36.]
Accordingly, there is insufficient time for the motion to be heard as a regularly

noticed motion prior to the OSC deadline, at which time this action becomes subject to dismissal, as noted in the OSC.

DATED: May 13, 2025                    LAW OFFICES OF DALE K. GALIPO


                                       By:    _____/s/ Benjamin S. Levine_____
                                              Dale K. Galipo
                                              Benjamin S. Levine
                                              *Attorneys for Plaintiffs*

PLAINTIFFS' UNOPPOSED *EX PARTE* MOTION FOR RECONSIDERATION OR DISCHARGE
OF ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF PROSECUTION AS TO
INDIVIDUAL DEFENDANTS

# *EX PARTE* MOTION FOR RECONSIDERATION OR DISCHARGE OF ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF PROSECUTION AS TO INDIVIDUAL DEFENDANTS

## I.    Introduction & Procedural History

This action concerns the death of Plaintiffs' decedent, Masoud Rahmati, while in the custody of the County of Los Angeles. Plaintiffs' initial complaint in this action was filed on July 1, 2024, and named the County of Los Angeles and Does 1-10 as defendants, the identities of the County officials who were believed to be liable for Mr. Rahmati's death being then unknown to Plaintiffs. [Dkt. 1.] The County of Los Angeles was served and answered the Complaint. [Dkt. 7, 9.] On April 10, 2025, after obtaining leave of court [Dkt. 29], Plaintiffs filed a First Amended Complaint, which for the first time named Yvonne Pullen, Ryan Garcia, Briseida Nochez, Rene Aguilar Ornelas, Joel Leyva, Andrew Wise, Jason Gonzalez, Bart Marshall, Michael Maybee, and Oluwasanmi Ogunjumo as defendants, in lieu of Does 1-10. [Dkt. 30.]

On May 2, 2025, this Court issued an Order to Show Cause ("OSC"), directing Plaintiffs to explain, by May 9, 2025, "why this action should not be dismissed for lack of prosecution regarding overdue responses as to the [individual] Defendants." [Dkt. 33.] The OSC also directed "Plaintiff [to] file an application requesting the entry of default" and warned that "[f]ailure to respond will result in the dismissal of this matter." [*Id.*] On May 8, 2025, Plaintiffs filed a response, explaining counsel's understanding that service of the First Amended Complaint was not yet due as to the individual defendants, but rather was due within 90 days of the filing of the First Amended Complaint as to those defendants, but that counsel was nevertheless working to promptly effectuate service. [Dkt. 34.] Soon after, Plaintiffs' counsel received email correspondence from the Court stating that the Court's order granting leave to file the First Amended Complaint required an answer to be filed 21 days from

the filing of the First Amended Complaint. (Levine Decl. ¶ 4.) The email added that
the filing of an amended complaint does not trigger a new 90-day period for service of
newly added defendants. (*Id.*) It concluded that the OSC would be continued for one
week, and directed counsel to file a motion if deemed appropriate. (*Id.*) A minute
order was then issued continuing the OSC to May 19, 2025. [Dkt. 36.] Counsel replied
to the Court's email to seek clarification, but as of the time of this filing has received
no response. (Levine Decl. ¶ 5.)

Through this *ex parte* motion, Plaintiffs respectfully submit that the OSC and
email correspondence from the Court would impose incorrect expedited deadlines for
service of the First Amended Complaint on the individual defendants and for
defendants' responsive pleading thereto. Accordingly, Plaintiffs request that the Court
discharge the OSC or, in the alternative, reconsider its OSC to afford the parties
additional time for service and responsive pleadings as allowed under the Federal
Rules of Civil Procedure and case law.

## II.    <u>Legal Standard and Good Cause for Relief Requested</u>

### A.    *Ex Parte* Relief Is Warranted

The standard for granting *ex parte* relief requires a showing that (1) "the
moving party's case will be irreparably prejudiced if the underlying motion is heard
according to regularly noticed motion procedures" and (2) "the moving party is
without fault in creating the crisis that requires ex parte relief, or that the crisis
occurred as a result of excusable neglect." *Arredondo v. Univ. of La Verne*, 618 F.
Supp. 3d 937, 943 (C.D. Cal. Aug. 2, 2022) (quoting *Mission Power Eng'g Co. v.
Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Under this Court's rules, notice of any regularly noticed motion must be served
"not later than twenty-eight (28) days before the Motion Day designated in the
notice." (L.R. 6-1.) Because the current OSC deadline is May 19, 2025, any regularly

noticed motion would have to be set for a hearing after that deadline. However, as the Court has warned that "[f]ailure to respond will result in the dismissal of this matter," and continued the OSC deadline following Plaintiffs' response, without discharging the OSC, hearing this motion according to regularly noticed motion procedures could result in dismissal of this action, irreparably prejudicing Plaintiffs. Further, Plaintiffs are without fault in creating the crisis requiring *ex parte* relief because, respectfully, the Court's OSC appears to have been issued in error, as set forth below.

### B.    This Court Should Discharge or Reconsider the OSC Because Service of the Newly Added Defendants, and Those Defendants' Responsive Pleadings, Are Not Yet Due

Under the Federal Rules of Civil Procedure, "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed R. Civ. P. 4(m). However, as this Court has explained:

> The service period as to a defendant begins to run when the defendant is first named in a complaint. *See McGuckin v. United States*, 918 F.2d 811, 813 (9th Cir. 1990) (starting service period for a newly-named defendant after the filing of an amended complaint). "The [90-day] period provided by Rule 4(m) is not restarted by the filing of an amended complaint *except as to those defendants newly added in the amended complaint*." *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006) (collecting authority).

*Estate of Touloudjian v. Cal. Dept. of Corrs. & Rehab.*, No. 2:20-cv-00520-FLA (KSx), 2021 WL 4812318, at *1 (C.D. Cal. Aug. 2, 2021) (emphasis added). This Court, the Ninth Circuit, and other California district courts have consistently applied this rule in addressing disputes relating to service of defendants who are first named in amended complaints. *See, e.g., Silbaugh v. Chao*, 942 F.3d 911, 916 (9th Cir. 2019) (applying rule as to defendants named for first time in amended complaint); *Aceves v.*

*County of Orange*, No. 8:23-cv-00584-WLH-ADS, 2024 WL 5466081, at *2 (C.D. Cal. Aug. 21, 2024) ("When an amended complaint adds new defendants, the 90-day deadline for service begins to run as to those defendants from the date the amended complaint is filed.") (citing *McGuckin*, 918 F.2d at 813); *James v. Sabella*, 2024 WL 2969964, at *4 (N.D. Cal. June 11, 2024) (same); *Gragg v. Atascadero Police Dep't*, No. CV 21-06736 MEMF (KS), 2022 WL 20288919, at *2 (C.D. Cal. Apr. 28, 2022) (same), *report and recommendation adopted*, 2023 WL 4352074 (C.D. Cal. July 5, 2023); *Kinsley Tech. Co. v. Ya Ya Creations, Inc.*, No. 2:20-cv-04310-ODW (KSx), 2021 WL 1546955, at *3 (C.D. Cal. Apr. 20, 2021) (same); *MERSCORP Holdings, Inc. v. Kelsey*, No. CV 18-3802-JFW (AFMx), 2018 WL 6445694, at *2 (C.D. Cal. July 26, 2018) (same); *Wheat v. Airport Auth. of Washoe Cnty.*, 166 F.3d 1219, 1999 WL 50879, at *1 n.1 (9th Cir. Jan. 15, 1999) (unpublished table decision) (same).

Under this rule, Plaintiffs are required to serve the ten individuals who were named as defendants for the first time in the First Amended Complaint by July 9, 2025.[1] And, under this Court's order granting Plaintiffs leave to file the First Amended Complaint and under the summons issued on the First Amended Complaint, the individual defendants have 21 days from the date of service of the First Amended Complaint to file a responsive pleading. [Dkt. 29, 32.] Because no responses to the First Amended Complaint are yet due, the requirements imposed by the OSC and by the Court's email correspondence to counsel are, respectfully, not correct. Accordingly, Plaintiffs respectfully request that the Court discharge the OSC, because Plaintiffs are allowed until July 9, 2025, to serve the individual defendants under Federal Rule of Civil Procedure 4(m), or otherwise reconsider and clarify the OSC so

---

[1] Because the County of Los Angeles had already appeared by filing an Answer to Plaintiffs' original complaint, Plaintiffs' filing of the First Amended Complaint constituted electronic service upon the County of Los Angeles under this Court's rules. (L.R. 5-3.2.1.) But because the individual defendants had not appeared, this filing could not suffice to serve the individual defendants. (*See id.*)

4

as to allow Plaintiffs the full time allowed to serve the First Amended Complaint and the individual defendants the full time allowed to respond thereto.

### III.    Status of Service of Individual Defendants

Notwithstanding the July 9, 2025, deadline for service of the First Amended Complaint under Federal Rule of Civil Procedure 4(m), Plaintiffs anticipate that service will be completed much sooner, meaning the individual defendants will be required to file responsive pleadings by early June. Following cooperation between counsel for the parties to waive service for Defendants Pullen, Leyva, Wise, and Ogunjumo, these defendants answered the First Amended Complaint on May 5, 2025. [Dkt. 35.] Plaintiffs' counsel is informed that Defendants Garcia, Nochez, Ornelas, Marshall, and Maybee were served with the First Amended Complaint and summons on May 12, 2025, and that Defendant Gonzalez will be served with the First Amended Complaint and summons on or about May 14, 2025. (Levine Decl. ¶ 6.) Proofs of service of these defendants will be filed as soon as possible. (*Id.* ¶ 7.)

### IV.    Conclusion

For the foregoing reasons, *ex parte* relief is warranted under these circumstances, and Plaintiffs respectfully request that the Court's OSC be discharged or, alternatively, reconsidered to allow sufficient time for service of the First Amended Complaint and for Defendants' responsive pleadings thereto.

Respectfully submitted,

DATED: May 13, 2025                    **LAW OFFICES OF DALE K. GALIPO**

By:    _____*/s/ Benjamin S. Levine*_____
Dale K. Galipo
Benjamin S. Levine
*Attorneys for Plaintiffs*

5

PLAINTIFFS' UNOPPOSED *EX PARTE* MOTION FOR DISCHARGE OR RECONSIDERATION OF ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF PROSECUTION AS TO INDIVIDUAL DEFENDANTS