**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Tel.: (818) 347-3333
Fax: (818) 347-4118

**LESSEM, NEWSTAT & TOOSON, LLP**
Jeremy I. Lessem (SBN 213406)
jeremy@lnlegal.com
3450 Cahuenga Blvd., Unit 102
Los Angeles, CA 90068
Tel: (818) 582-3087
Fax: (818) 484-3087

*Attorneys for Plaintiffs*

Tomas A. Guterres (SBN 152729)
Chandler A. Parker (SBN 334008)
**COLLINS + COLLINS LLP**
790 E. Colorado Boulevard, Suite 600
Pasadena, CA 91101
Tel: (626) 243-1100
Fax: (626) 243-1111
Email: tguterres@ccllp.law
Email: cparker@ccllp.law

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MASOUMEH MOTEVALLI ALAMOUTI, individually and as successor-in-interest to Masoud Rahmati, deceased; and MOSHEN RAHMATI, individually,

Plaintiffs,

v.

COUNTY OF LOS ANGELES; YVONNE PULLEN; RYAN GARCIA; BRISEIDA NOCHEZ; RENE AGUILAR ORNELAS; JOEL LEYVA; ANDREW WISE; JASON GONZALEZ; BART MARSHALL; MICHAEL MAYBEE; and OLUWASANMI OGUNJUMO,

Defendants.

Case No. 2:24-cv-05560-MWC-JC

*Hon. Michelle Williams Court*

**JOINT STATUS REPORT RE: SETTLEMENT AND ORDER TO SHOW CAUSE RE DISMISSAL [54, 57]**

Hearing Date: October 2, 2026
Hearing Time: 1:30 p.m.
Courtroom: 6A

**TO THE HONORABLE COURT:**

Plaintiffs, Masoumeh Motevalli Alamouti and Moshen Rahmati; and Defendants, County of Los Angeles, Yvonne Pullen, Ryan Garcia, Briseida Nochez, Rene Aguilar Ornelas, Joel Leyva, Andrew Wise, Jason Gonzalez, Bart Marshall, Michael Maybee, and Oluwasanmi Ogunjumo—the parties to this action—by and through their respective attorneys of record, hereby submit the following joint status report regarding the status of the pending conditional settlement of this matter, ahead of the upcoming Order to Show Cause hearing set by the Court.

WHEREAS, in the summer of 2025, the parties participated in a mediation with ADR Panel Mediator Richard Copeland, during which the parties reached a conditional settlement to resolve this entire case in its entirety.

WHEREAS, on September 19, 2025, the parties filed a Notice of Conditional Settlement and Request to Vacate All Dates to advise the Court that the parties had reached a conditional settlement of the entire action, and that such settlement was subject to the review and approval of entities within and for the County of Los Angeles, including its Board of Supervisors. [Dkt. 53] The Notice also advised that, because of the nature of the County's processes for review and approval of settlements, such review and approval was expected to be completed within twelve months of the filing of the Notice. [*Id.*]

WHEREAS, on September 22, 2025, the Court issued an Order Setting Order to Show Cause re Dismissal, with a hearing set for December 19, 2025, at 1:30 p.m. [Dkt. 54.]

WHEREAS, on December 8, 2025, the parties filed a Joint Status Report regarding settlement and the Court's Order. [Dkt. 55.] In that Report, Defendant County of Los Angeles represented, *inter alia*, that at the time, the Los Angeles County "Sheriff's Department [wa]s still in the process of completing a Corrective Action Plan, a prerequisite for obtaining claims board approval," and "the County expect[ed] the claims approval process to be completed by September 2026 or

earlier." [*Id.* at 2-3.]

WHEREAS, the Court held a hearing on December 19, 2025, during which counsel for Defendants explained the basis for the above-mentioned twelve-month timeline for approval of the settlement. The Court then issued an order staying the action until October 2, 2026, continuing the Order to Show Cause hearing to October 2, 2026, at 1:30 p.m., and ordering the filing of a "joint report … regarding the status of settlement" by September 25, 2026. [Dkt. 57.]

WHEREAS, counsel for Plaintiffs understand that Defendant County of Los Angeles's review of the settlement has not been completed. This is despite the parties having reached their conditional settlement more than a year ago, and the County of Los Angeles's prior representation, in December of 2025, that approval was expected to be "completed by September 2026 or earlier." [Dkt. 55] Plaintiffs and their counsel are concerned by the significant passage of time, with no confirmation of whether the parties' conditional settlement will be approved or when. Plaintiffs remain in limbo awaiting resolution of this action, which concerns the tragic and painful death of their son and brother in the County's custody.

WHEREAS, Defendant County of Los Angeles, by and through its counsel of record, here provides the following update regarding the status of its review and consideration of the proposed settlement of this action: The Los Angeles County Sheriff's Department has not yet completed the Corrective Action Plan, which is a prerequisite to obtaining Claims Board approval of the settlement. Given the nature of the underlying incident, the Corrective Action Plan requires consideration of significant risk-management issues, potential corrective measures, and related policy changes before it can be finalized. In light of the time that has elapsed since the parties reached settlement, completion of the Corrective Action Plan will be prioritized so that the settlement may be presented to the Claims Board and, thereafter, to the Board of Supervisors for approval as expeditiously as practicable.

/ / /

Respectfully submitted,

DATED: September 25, 2026

LAW OFFICES OF DALE K. GALIPO
LESSEM, NEWSTAT & TOOSON, LLP

By: */s/ Benjamin S. Levine*
Dale K. Galipo
Benjamin S. Levine[1]
*Attorneys for Plaintiffs*

DATED: September 25, 2026

COLLINS + COLLINS LLP

By: */s/ Chandler A. Parker*
Tomas A. Guterres
Chandler A. Parker
*Attorneys for Defendant County of Los Angeles*

---

[1] Pursuant to Local Rule 5-4.3.4, as the filer of this document, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.